> **NONPRECEDENTIAL DISPOSITION**
> To be cited only in accordance with
> Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 29, 2014[*]
Decided September 29, 2014

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 14-1240

| | |
|---|---|
| NICK G. ESCAMILLA, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 13 C 6364 |
| CITY OF CHICAGO, et al., *Defendants-Appellees.* | Harry D. Leinenweber, *Judge.* |

**O R D E R**

Nick Escamilla was convicted of murder in 1994 after a jury trial in Cook County, Illinois. He was released from the Illinois Department of Corrections after serving 14 years of his 29-year prison sentence. Several years later a lieutenant in the Chicago Police Department was deposed in an unrelated lawsuit and testified about the department's procedure for responding to document subpoenas in open criminal cases.

---

[*]After examining the parties' briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Escamilla learned about that deposition and then brought this civil-rights suit against the City of Chicago, the lieutenant, and the current superintendent of the Chicago Police Department. *See* 42 U.S.C. §§ 1983, 1985.

According to Escamilla, the lieutenant's testimony alerted him to a conspiracy to violate his right to due process as recognized in *Brady v. Maryland,* 373 U.S. 83 (1963). At the time of his trial, Escamilla says, the Chicago police maintained secret "street files" containing materials, including investigators' handwritten notes, that were not released in response to subpoenas. Escamilla presumes that a street file exists for his murder investigation, and that it contains exculpatory evidence that he was prevented from presenting to the jury. Escamilla also brought a supplemental state-law claim against the individual defendants (neither of whom worked for the police department when Escamilla was convicted), but that claim has been abandoned on appeal.

The defendants moved to dismiss, arguing that Escamilla's lawsuit is time-barred and that he fails to state a claim for relief. Escamilla countered that, until learning about the deposition, he had thought the police no longer withheld street files from defendants after a class action in the early 1980s sought to enjoin the practice. *See Jones v. City of Chicago,* 856 F.2d 985, 989 (7th Cir. 1988); *Palmer v. City of Chicago,* 806 F.2d 1316, 1317 (7th Cir. 1986). But he discovered from the lieutenant's deposition, says Escamilla, that the department still was concealing street files at the time of his murder trial. The district court concluded that Escamilla's suit was time-barred and granted the motion to dismiss.

On appeal Escamilla contends that his suit was wrongly dismissed as untimely. But the statute of limitations is not an issue because Escamilla's constitutional claims have not yet accrued. A due-process claim under *Brady* does not accrue until the plaintiff has been exonerated; Escamilla's conviction still stands, and, thus, he fails to state a claim for relief. *See* FED. R. CIV. P. 12(b)(6); *Heck v. Humphrey,* 512 U.S. 477, 486–87, 489–90 (1994); *Johnson v. Dossey,* 515 F.3d 778, 781–82 (7th Cir. 2008); *Newsome v. McCabe,* 256 F.3d 747, 752 (7th Cir. 2001).

Furthermore, the defendants have renewed their argument that Escamilla fails to state a claim for relief, and, after de novo review, we conclude that Escamilla's allegation that the police department withheld exculpatory evidence in response to a pretrial subpoena does not meet the standard set forth in *Bell Atlantic Corporation v. Twombly,* 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662, 678–79 (2009). To state a claim for relief—even under the liberal system of notice pleading, *see Brooks v.*

*Ross*, 578 F.3d 574, 580–81 (7th Cir. 2009)—a complaint must contain "enough details about the subject-matter of the case to present a story that holds together," *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010), along with allegations "plausibly suggesting (not merely consistent with) an entitlement to relief," *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013) (internal quotation marks and citation omitted). But Escamilla provided *no* detail: Nowhere in his 16-page complaint, his opposition to the defendants' motion to dismiss, or his appellate brief does Escamilla reveal or even hint at what evidence the police allegedly failed to produce. Neither does he allege that a street file has been found from the murder investigation that led to his conviction. Escamilla's complaint rests entirely on speculation and appropriately was dismissed.

AFFIRMED.